It is admitted that there is no remedy, at law, upon the bond signed by the defendant, under the circumstance as set forth by the complainant himself; and how far this Court ought to go (were it *Page 98 
confined to the facts alone contained in complainant's bill) in subjecting the defendant to the demand of the complainant, we are relieved from the consideration of, because the defendant's answer is made a part of the case, and the parts therein set forth are to be taken as true.
He states that Colonel Branch and himself were offered to the court as securities of Mrs. Webb, and by them approved of; that he agreed to sign, and did sign, a blank bond, but that it was not filled up, or witnessed, or in any respect binding upon him until signed by Colonel Branch. This, it seems, was never done. There appears to be no fraud in the defendant; his conduct was fair and open. There seems to have been no mistake or misunderstanding of what was done, or intended to be done. No person could be misled, or had a right to believe, under such circumstances, that the defendant was or intended to stand as the sole (124) security of Mrs. Webb. If an error has been committed, it was by the clerk in granting letters of administration before bond and security was given.
For these reasons we are all of opinion that the defendant is not liable in equity, and that the bill should be dismissed.
NOTE. — See Huson v. Pittman, 3 N.C. 331; Armstead v. Bozman,36 N.C. 117.